1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

DR. MAX ARNETT,

11

                Plaintiff,

12

        v.

13

OHIO NATIONAL LIFE ASSURANCE
CORPORATION

14

15

                Defendant.

16

Case No. C05-5639

ORDER EXCLUDING PLAINTIFF'S
PROPOSED EXPERT WITNESSES

17      This matter comes before the Court on Defendant's Motion for Sanctions, Including

18 Dismissal Resulting from Plaintiff's Discovery Abuses.  After reviewing all materials submitted by

19 the parties and relied upon for authority, the Court is fully informed and hereby excludes Plaintiff

20 from introducing expert witness testimony.

21                          **INTRODUCTION AND BACKGROUND**

22      This suit for insurance benefits and violation of Washington's Consumer Protection Act,

23 RCW 19.96.020, was filed by Plaintiff on July 20, 2006 in Pierce County Superior Court. The

24 Defendant removed the action to this Court on the basis of diversity.  Trial is set for February 12,

25

26 ORDER - 1

1    2007.  On September 30, 2005 this Court entered a Minute Order Regarding Initial Disclosures.  In

2    this order, the Court set a deadline of January 9, 2006 for a scheduling conference and January 23,

3    2006, for initial disclosure pursuant to Fed. R. Civ. P. 26(a).  Subsequently, the parties filed their

4    Joint Status Report stating that they would be producing initial disclosures on or before the Court's

5    deadline of January 23, 2006.  Without explanation, Plaintiff failed to provide initial disclosures.

6         On January 31, 2006, this Court entered a second minute order setting a deadline of August

7    7, 2006, for the parties to disclose "expert witnesses and their opinions," and September, 5, 2006,

8    for disclosure of "rebuttal experts and their opinions."  Plaintiff failed to comply with this deadline.

9         On September 20, 2006 Plaintiff emailed to Defendant a one-page table entitled "Possible

10   Witness List."  This document sets forth a list of individuals, their relation to the Plaintiff , addresses

11   and phone numbers of the individuals and general topic description of their proposed testimony.

12   This list of possible witnesses includes individuals from various disciplines, including the fields of

13   medicine and accounting.  There is no designation as to whether any of these possible witnesses are

14   to testify as experts.  On September 28, 2006,  Plaintiff amended this list to indicate one of the listed

15   medical witnesses would testify in rebuttal to Defendant's experts.

16        Discovery cutoff was October, 16, 2006.

17                    **INITIAL AND EXPERT WITNESS DISCLOSURES**

18        Fed .R. Civ. P. 26(a)(1) requires parties to disclose supportive witnesses and documents,

19   damages computations and insurance information "without awaiting a discovery request" at or within

20   14 days after the scheduling conference.  Plaintiff has inexcusably failed to provide his initial

21   disclosures given that they were due no later than January 23, 2006. Plaintiff's counsel acknowledges

22   that initial disclosures were tardy, but asserts the untimely list of possible witnesses satisfies the

23   requirements of initial disclosure.  Plaintiff also contends that the Defendant has unclean hands,

24

25

26   ORDER - 2

1  having not responded to Plaintiff's discovery requests.[1]  The record does not support this contention.

2  Nor has Plaintiff moved to compel any alleged overdue discovery.

3        Although untimely, the Court finds that Plaintiff has substantially complied with the

4  requirements of initial disclosure, at least so far as naming supportive witnesses, and that Defendant

5  was not unduly prejudiced by the late disclosure.  The disclosure of expert witnesses is a different

6  matter.

7        Fed. R. Civ. P. 26(a)(2), governs the expert disclosure requirements.  Section (A) requires

8  the disclosure of the "identity" of any person who "may" be used at trial to present evidence pursuant

9  to Rules 702, 703, or 705 of the Federal Rules of Evidence.  Section (B) requires more specific and

10  detailed disclosures regarding witnesses "retained or specially employed to provide expert

11  testimony...."  The description also includes an employee of the party proffering the expert, where

12  the employee's duties regularly involve giving expert testimony.  The information, in addition to the

13  "identity" of the expert, required pursuant to Rule 26(a)(2)(B), includes the requirement of

14  a written report prepared and signed by the expert witness.  The report shall contain a complete

15  statement of all opinions to be expressed and the basis and reasons therefor; the data or other

16  information considered by the witness in forming the opinions; any exhibits to be used as a summary

17  of or support for the opinions; the qualifications of the witness, including a list of all publications

18  authored by the witness within the preceding ten years; the compensation to be paid for the study and

19  testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by

20  deposition within the preceding four years.

21        Without explanation, Plaintiff has utterly failed to comply with Rule 26(a)(2).  Because

22  Plaintiff has failed to comply with Rule 26(a)(2) and violated this Court's scheduling order, the Court

23  _____

24        [1]Plaintiff originally named the wrong party defendant in this action, and although possessed
   with this knowledge for nearly a year, it wasn't until September 26, 2006 that Plaintiff moved to
25  substitute the correct defendant into this action.

26  ORDER - 3

1   will grant Defendant's motion to prohibit Plaintiff from presenting expert witnesses.

2          This ruling, however, does not prohibit the introduction of the testimony of Plaintiff's

3   treating physicians.  Rule 26(a)(2)(B) only requires disclosure of reports from "a witness who is

4   retained or specially employed to provide expert testimony in the case or whose duties as an

5   employee of the party regularly involve giving expert testimony... "  In addition, the Advisory

6   Committee notes state that a treating physician "can be deposed or called to testify at trial" without

7   providing a written report. Fed. R. Civ. P. 26(a)(2), Advisory Committee's Notes, 1993 Amendment.

8   Since a treating physician's opinion on matters such as "causation, future treatment, extent of

9   disability and the like" are part of the ordinary care of a patient, a treating physician may testify to

10   such opinion without being subject to the extensive reporting requirements of Rule 26(a)(2)(B).

11   Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 298 (D. Nev.1998); Piper v. Harnischfeger Corp.,

12   170 F.R.D. 173, 174-175 (D. Nev. 1997).  "However, if a physician, even though he may be a

13   treating physician, is specially retained or employed to render a medical opinion based on factors that

14   were not learned in the course of the treatment of the patient, then such a doctor would be required

15   to present an expert written report." Hall v. Sykes, 164 F.R.D. 46, 48-49 (E.D. Va. 1995). See also,

16   Piper v. Harnischfeger Corp., 170 F.R.D. at 175 (citing cases that support the requirement that a

17   treating physician must acquire the opinions through treatment of a patient); Shapardon v. West

18   Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997) (concluding that treating physicians' opinions

19   based upon information received from outside sources, such as an independent medical examination

20   report, would trigger the report requirement of Rule 26).  It has been noted that "[t]he majority of

21   other courts in the country have concluded that Rule 26(a)(2)(B) reports are not required as a

22   prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and

23   extent of disability where they are based on the treatment". Sprague v. Liberty Mut. Ins. Co., 177

24   F.R.D. 78 (D. N.H. 1998).  See also,  Bucher v. Gainey Transp. Serv. of Indiana, Inc., 167 F.R.D.

25   387, 390 (M.D. Pa. 1996).

26   ORDER - 4

1    Thus, the admissibility of testimony of Plaintiff's treating physicians is limited to medical

2    opinion based on their respective treatment of Plaintiff.  The treating physicians are prohibited from

3    rendering medical opinions based on factors that were not learned in the course of their respective

4    treatment of the Plaintiff.  This prohibition includes rebuttal expert testimony.

5                                                    **SANCTIONS**

6    Rule 37(c) of the Fed. R. Civ. P. provides for the exclusion of an expert witness if the

7    discovery rules have not been complied with. Rule 37(c) states: (1) A party that without substantial

8    justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior

9    response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted

10   to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

11   In addition to or in lieu of this sanction, the court, on motion and after affording a opportunity to be

12   heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable

13   expenses, including attorney's fees, caused by the failure, these sanctions may include any of the

14   actions authorized under Rule 37(b)(2)(A), (B), and (c) and may include informing the jury of the

15   failure to make the disclosure.

16   In order to avoid sanctions, Plaintiff has the burden of establishing that he had a "substantial

17   justification" for not filing of the expert reports and that the late disclosure was "harmless" to

18   Defendant. <u>Yeti By Molly Ltd v. Deckers Outdoor Corp</u>., 259 F.3d 1101, 1107 (9th Cir. 2001).  The

19   Court finds under the procedural and factual background of this case, the Plaintiff has failed to carry

20   his burden.  Plaintiff's counsel has provided no reasonable justification for failing to comply with the

21   Court's Scheduling Order or Rule 26(a).  The Court finds that the sanction of exclusion of expert

22   testimony is appropriate.[2]

23   _____

24   [2]Pending before the Court is an additional motion filed by Plaintiff to compel discovery.  This
     motion is directed at Plaintiff's failure to provide full answers to interrogatories and provide
25   documents in response to requests for production.  Although noted for consideration on November

26   ORDER - 5

**CONCLUSION**

The Court having reviewed Defendant's Combined Objection to Plaintiff's Witnesses and Motion for Sanctions, Including Dismissal, Resulting from Plaintiff's Discovery Abuses [Dkt # 11] and the pleadings and submissions of the parties and for the reasons set forth above,

IT IS HEREBY ORDERED:

(1)     Plaintiff is prohibited from introducing any expert testimony,

(2)     The testimony of Plaintiff's treating medical witnesses is limited to independent medical opinions based upon their respective treatment of Plaintiff.

DATED this 23rd day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

3, 2006, the Court takes this opportunity to admonish the parties to promptly complete written discovery. The discovery deadline has passed and the Court will not look kindly on the at-fault party when addressing this and any other motions regarding discovery. Severe sanctions, including terms and the possibility of dismissal of this action, will be imposed.

ORDER - 6