1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DR. MAX ARNETT,

          Plaintiff,

       v.

OHIO NATIONAL LIFE ASSURANCE
CORPORATION,

          Defendant.

Case No. C05-5639 FDB

ORDER COMPELLING DISCOVERY
AND AWARDING TERMS

     This matter comes before the Court on Defendant's Motion to Compel Discovery.  After

reviewing all materials submitted by the parties and relied upon for authority, the Court is fully

informed and hereby grants the motion to compel discovery and award terms.

**INTRODUCTION AND BACKGROUND**

     This suit for insurance benefits and violation of Washington's Consumer Protection Act,

RCW 19.96.020, was filed by Plaintiff on July 20, 2006 in Pierce County Superior Court. The

Defendant removed the action to this Court on the basis of diversity.  Trial is set for February 12,

2007.  Discovery cutoff was October 16, 2006.

     This is the second occasion on which this Court has concerned itself with pretrial discovery in

ORDER - 1

1   this matter.  On October 23, 2006, this Court entered an Order Excluding Plaintiff's Proposed

2   Experts due to a complete failure to comply with Fed. R. Civ. P. 26(a)(2).  In passing on that motion

3   the Court noted that this present motion to compel written discovery was pending before the Court.

4   The Court admonished the parties to promptly complete discovery and cautioned that severe

5   sanctions, including terms and the possibility of dismissal, would be imposed when addressing this

6   motion.  Plaintiff has ignored this Courts' admonishment.  Not only has Plaintiff failed to provide the

7   requested discovery, proper responses to interrogatories and requests for production, Plaintiff has

8   not filed a response to the motion.

9                       **DUTY TO COMPLY WITH DISCOVERY REQUEST**

10          Ohio National request an order compelling Plaintiff to provide complete responses to

11  Interrogatory Nos. 2-6 and Requests for Production Nos. 1-6.  Plaintiff has not responded to the

12  motion.  Under Local Rule 7 his failure to respond may be deemed as an admission that the motion

13  has merit. As Defendant's statement of facts are not contested the Court adopts the facts as set forth

14  in Defendant's motion.

15          Where the response to discovery is unsatisfactory, the party seeking discovery may file a

16  motion to compel discovery, including a copy of the discovery propounded and the response thereto.

17  Fed. R. Civ. P. 37.  An "evasive or incomplete disclosure, answer, or response is to be treated as a

18  failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).  It is well established that a failure

19  to object to discovery requests within the time required constitutes a waiver of any objection.

20  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

21          The Court finds it appropriate and necessary to compel discovery.

22                                        **SANCTIONS**

23          Rule 37(c) states: (1) A party that without substantial justification fails to disclose

24  information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as

25  required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a

26  ORDER - 2

1  trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in

2  lieu of this sanction, the court, on motion and after affording a opportunity to be heard, may impose

3  other appropriate sanctions. In addition to requiring payment of reasonable expenses, including

4  attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under

5  Rule 37(b)(2)(A), (B), and (c) and may include informing the jury of the failure to make the

6  disclosure.

7          In order to avoid sanctions, Plaintiff has the burden of establishing that he had a "substantial

8  justification" for failure to respond and that any late disclosure is "harmless."  Yeti by Molly, Ltd. v.

9  Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).  As previously noted, Plaintiff has

10 made no response.  The Court finds that a sanction in the amount of a reasonable attorney's fee

11 incurred by Defendant in bringing this discovery motion is appropriate.  The Court finds that

12 $1,400.00 is a reasonable compensation for the fees incurred by Defendant in having to bring this

13 action.

14

15                                         **CONCLUSION**

16          The Court having reviewed the pleadings, or lack thereof, and the remaining record, and for

17 the reasons set forth above,

18

19          IT IS HEREBY ORDERED:

20          (1)     Defendant's Motion to Compel Discovery [Dkt. #24] is **GRANTED**,

21          (2)     No later than November 16, 2006,  Plaintiff must provide full and complete answers

22                  to Interrogatories Nos. 2-6 and all documents responsive to Requests for Production

23                  Nos. 1-6.

24          (3)     No later than November 16, 2006, Plaintiff must pay to Defendant $1,400.00, as

25                  terms for having filed this motion to compel.

26 ORDER - 3

(4)     Failure to comply with this Order will result in immediate dismissal of this action, with

prejudice.

DATED this 6th day of November, 2006.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4