UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DR. MAX ARNETT,

    Plaintiff,

    v.

OHIO NATIONAL LIFE ASSURANCE CORPORATION,

    Defendant.

Case No. C05-5639 FDB

ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

This matter comes before the Court *sua sponte* to dismiss Plaintiff's action for failure to comply with this Court's discovery orders. After reviewing all materials submitted by the parties and this Court's prior orders, the Court is fully informed and hereby dismisses Plaintiff's case, with prejudice.

**INTRODUCTION AND BACKGROUND**

This suit for insurance benefits and violation of Washington's Consumer Protection Act, RCW 19.96.020, was filed by Plaintiff on July 20, 2006 in Pierce County Superior Court. The Defendant removed the action to this Court on the basis of diversity. Trial is set for February 12, 2007. Discovery cutoff was October 16, 2006.

ORDER - 1

On October 23, 2006, this Court entered an Order Excluding Plaintiff's Proposed Experts due to a complete failure to comply with Fed. R. Civ. P. 26(a)(2). In passing on that motion, the Court noted that an additional motion to compel written discovery or dismiss Plaintiff's case for failure to comply with discovery orders was pending before the Court. The Court admonished the parties to promptly complete discovery and cautioned that severe sanctions, including terms and the possibility of dismissal, would be imposed when addressing this additional motion. Plaintiff ignored this Court's admonishment. Not only did Plaintiff fail to provide the requested discovery (proper responses to interrogatories and requests for production), Plaintiff did not filed a response to the motion.

On, November 6, 2006, this Court issued an Order Compelling Discovery and Awarding Sanctions. This Order provided that no later than November 16, 2006, Plaintiff must provide full and complete answers to the written discovery request and pay Defendant $1,400.00 as terms for having forced Defendant to file the motion to compel. The Court further ordered that "Failure to comply with this Order will result in immediate dismissal of this action, with prejudice." On November 17, 2006, Defendant filed a Notice of Noncompliance with Discovery Order detailing Plaintiff's failure to comply with this Court's Order Compelling Discovery. Plaintiff did not provide the required discovery nor pay the mandated terms.

### SANCTION OF DISMISSAL

Under Rule 37(b)(2), if a party: "fails to obey an order to provide discovery ... the court in which the action is pending may make ... (C) An order striking out the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party." Where the drastic sanctions of dismissal or default are imposed pursuant to Rule 37 , the losing party's noncompliance must be due to willfulness, fault, or bad faith. <u>Computer Task Group, Inc. v. Brotby</u>, 364 F.3d 1112, 1115 (9th Cir. 2004). The Ninth Circuit has established five factors to consider when determining

ORDER - 2

1  whether to dismiss an action under Rule 37: (1) the public's interest in expeditious resolution of

2  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking

3  sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of

4  less drastic sanctions.  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).  With respect to the

5  last of these considerations, when the Court has "instigated less drastic sanctions, but to no avail"

6  dismissal may be appropriate.  Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir.

7  1988).   Here, the Court has compelled discovery and ordered monetary sanctions against counsel

8  for Plaintiff with no response.  Further, factor (1) the public's interest in expeditious resolution of the

9  case, factor (2) the court's need to manage its docket, and factor (3) the risk of prejudice to

10 Defendant all weigh in favor of dismissal.  While the Court must consider the benefit of the

11 disposition of this case on its merits, the other four factors weigh heavily in favor of dismissal.

12 Plaintiff has been repeatedly warned that severe sanctions would be imposed if the Court's Orders

13 were disregarded. However, Plaintiff persists in his misconduct. Plaintiff's conduct shows that he will

14 not respond to monetary sanctions. Clearly, no other sanction the Court might impose, except for

15 dismissal itself, would be effective in remedying this misconduct.

## CONCLUSION

For the reasons stated, the Court hereby enters the following Order:

Plaintiff's Complaint is DISMISSED, with prejudice

DATED this 20th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3